O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO VILLANUEVA,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, Jr., Warden,<br><br>    Respondent. | Case No. CV 12-10678 DDP (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally reiterate the arguments made in the Petition, and lack merit for the reasons set forth in the Report and Recommendation. There is one issue, however, that warrants brief amplification here.

In his Objections, Petitioner raises – for the first time – several new ineffective assistance of counsel claims. Namely, Petitioner now claims that he received ineffective assistance when his trial attorney: (1) failed to properly investigate the case and prepare for trial; (2) failed to properly identify and interview potential witnesses; (3) failed to call certain witnesses; (4) failed to investigate, or present expert testimony regarding, the victim's mental state; and (5) failed to impeach, or attempt to impeach,

the prosecution's witnesses. Petitioner further alleges cumulative impact.

As a preliminary matter, Petitioner raised none of these claims in his Petition, and filed no Reply. Accordingly, the Court need not consider these claims. *See United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

Moreover, the claims are unexhausted. As a rule, before a state prisoner challenges his state conviction in federal court via a habeas petition, he must first exhaust his federal grounds for relief in state court. 28 U.S.C. § 2254(b)(1)(A); *see also Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). To satisfy this requirement, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations omitted). A claim has been fairly presented to the highest state court only when the petitioner has described *both* the operative facts *and* the federal legal theory so that the state court has a "'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted). Notably, "citation of a relevant federal constitutional provision in relation to some *other* claim does not satisfy the exhaustion requirement." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (emphasis added) (citation omitted). Here, Petitioner raised none of his newly-alleged claims at the state level. (*See* Lodg. Nos. 3, 5, 9, 12-13.) Rather, the only sixth amendment claim previously raised by Petitioner – namely, counsel's alleged failure to move to dismiss certain enhancement allegations or to otherwise preserve Petitioner's speedy trial rights – involved a separate set of operative facts. (*See id.*)[1]  However,

---

[1] Nevertheless, the Court exercises its discretion to reject Petitioner's newly-raised claims on their merits. *See Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005) (A federal court may deny an unexhausted claim on the merits "when it is perfectly clear that the applicant does not raise even a

even upon consideration of these new claims, Petitioner fails to substantively advance a colorable claim for habeas relief.

As a general matter, to establish ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's representation "fell below an objective standard of reasonableness," *and* (2) counsel's deficient performance prejudiced Petitioner such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

Here, Petitioner's newly-raised ineffective assistance claims fail for three reasons.

First, Petitioner has presented no evidence that his trial counsel's alleged errors were not in fact tactical decisions. *See Womack v. Del Papa*, 497 F.3d 998, 1002-04 (9th Cir. 2007) (self-serving and conclusory statements insufficient to show ineffective assistance); *Williams v. Woodford*, 384 F.3d 567, 610 (9th Cir. 2004), *cert. denied*, 546 U.S. 934 (2005) (there is a strong presumption that counsel exercised reasonable professional judgment). Significantly, Petitioner did not submit any declaration from his counsel stating that these alleged errors were not actually the result of calculated decision-making. *See Shattuck v. Evans*, 2009 WL 3334892, at *8 (C. D. Cal. Oct. 13, 2009) (rejecting ineffective assistance claim, despite declaration from trial counsel that he "[did] not recall having any strategic reason" for his alleged error, because such declaration "[did] not unequivocally state that counsel had no such strategic reason"). Thus, on this record, the Court cannot find that counsel's actions fell below an objective standard of reasonableness. *See Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984) (per curiam) (petitioner's disagreement with counsel's tactical decisions cannot form the basis of an ineffective assistance claim); *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984) (tactical decisions are not ineffective assistance simply

---

colorable federal claim.").

because, in retrospect, better tactics were available).

Second, Petitioner has failed to show the requisite prejudice here. For instance, regarding counsel's alleged failure to investigate, Petitioner has presented no credible evidence that further investigation would have yielded discovery likely to result in his acquittal. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 (9th Cir. 1997) (rejecting ineffective assistance claim where petitioner presented no evidence regarding what further investigation would have revealed, or what further preparation would have accomplished). Similarly, regarding counsel's alleged failure to investigate and call certain defense witnesses, Petitioner has presented no competent evidence regarding what these witnesses would have said, and whether they were able and willing to testify at trial. *See Dows v. Wood*, 211 F.3d 480, 486-87 (9th Cir. 2000) (rejecting claim of ineffective assistance for failure to call witness based on lack of affidavit from witness regarding substance of testimony); *see also Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001) (mere speculation that a witness might have given helpful information if interviewed does not establish ineffective assistance).

Third, because there is no merit to Petitioner's allegations of ineffective assistance of counsel, there is no cumulative error. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002) (where there is no single constitutional error, there is no cumulative constitutional violation).

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered denying the Petition and dismissing this action with prejudice; and
3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons set forth above and in the Report and Recommendation, the Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Thus, the Court declines to issue a

certificate of appealability.[2]

Nor is Petitioner entitled to an evidentiary hearing. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (AEDPA "requires an examination of the state court-decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time *i.e.*, the record before the state court.").

DATED: November 17, 2014

_____
HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

---

[2] Accordingly, Petitioner's "Motion for Provision of Transcripts" and his two "Motion[s] for Extension of Time," [Dkt. Nos. 25-27], are **DENIED AS MOOT**.

5